■ WERNER ACHATZ, Appellant, v ROLLERBLADE, INC., Respondent, et al., Defendant. [642 NYS2d 250] —Order, Supreme Court, New York County (Paula Omansky, J.), entered April 20, 1995, which, to the extent appealed from, granted defendant Rollerblade, Inc.'s motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), unanimously affirmed, without costs.

We agree with the IAS Court that defendant's manual, which plaintiff admits to have read prior to using defendant's in-line skates, contains adequate warning of the potential dangers of use of this product without protective gear. Thus, as a matter of law, plaintiff's claims based on failure to warn are precluded (*see, Bazerman v Gardall Safe Corp.*, 203 AD2d 56; *compare, Lugo v LJN Toys*, 146 AD2d 168, *affd* 75 NY2d 850). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.

■ JOVAN JON, an Infant, by SOLOMIJA JON, His Guardian Ad Litem, et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [642 NYS2d 504] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered July 21, 1994, which granted defendant New York City Health and Hospitals Corporation's motion pursuant to CPLR 4404 (a) to the extent of setting aside the verdict in favor of plaintiff as against the weight of the evidence and ordering a new trial, unanimously affirmed, without costs.

The evidence supporting the jury's finding of malpractice on defendants' part was minimal and highly questionable, much of it consisting of hearsay testimony and the inconsistent testimony of plaintiff's wife, who admittedly and repeatedly misrepresented crucial facts concerning plaintiff's health. Accordingly, we agree with the trial court that "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134). A new trial was therefore warranted (CPLR 4404 [a]; *see, Lolik v Big V Supermarkets*, 86 NY2d 744). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Williams, JJ.